Order, Supreme Court, Bronx County (Julia I. Rodriguez, J), entered December 17, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.
Plaintiff correctly contends that defendants failed to satisfy their prima facie burden since they did not submit evidence sufficient to establish that they did not have constructive notice of the hazardous icy condition on the sidewalk in front of their franchise restaurant on which plaintiff allegedly slipped (see Lebron v Napa Realty Corp., 65 AD3d 436, 437 [1st Dept 2009]). In cases involving slip and falls on icy sidewalks, a defendant moving for summary judgment must proffer evidence from a person with personal knowledge as to when the sidewalk was last inspected or as to its condition before the accident (see id.; Spector v Cushman & Wakefield, Inc., 87 AD3d 422, 423 [1st Dept 2011]; De La Cruz v Lettera Sign & Elec. Co., 77 AD3d 566 [1st Dept 2010]).
Here, the climatological records reflect that the area had last received precipitation two days prior to the January 17, 2009 accident, and that the temperature remained below freezing during the interim period. Defendants’ supervisor, who only visited that franchise twice per week, attested that the employ *413 ees would typically respond to winter storms by shoveling the sidewalk, and then applying rock salt. However, she had no personal knowledge of whether this procedure was followed in response to this storm, did not aver that she was present on either the day of the storm or the accident, and offered no evidence as to when the sidewalk had last been inspected or cleaned of snow, ice, or other debris. Hence, defendants’ evidence was “not probative of lack of actual or constructive notice,” and the evidence of their general procedures, standing alone, was insufficient to satisfy their burden on summary judgment (see De La Cruz at 566). As defendants failed to meet their initial burden, the motion should have been denied regardless of the sufficiency of plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Were we to find that defendants met their burden on the motion, we would find that plaintiff raised triable issues of fact as to whether defendants had constructive notice of the icy condition, as there had been no further precipitation since the storm two days before the accident, and plaintiff and her mother both described the hazard as a patch of black ice, and averred that the sidewalk was dirty or filthy, raising the inference that the condition could have been present for up to two days (see e.g. De La Cruz at 566-567; Santiago v New York City Health & Hosps. Corp., 66 AD3d 435 [1st Dept 2009]; Gonzalez v American Oil Co., 42 AD3d 253, 256 [1st Dept 2007]). Concur — Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.